## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDA BREWER,
          Appellant,

          v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
DC-0752-17-0093-I-1

DATE: July 7, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brenda Brewer, Springfield, Virginia, pro se.

Pegah Yazdy Gorman and Virginia Fritchey, Washington, D.C., for the
   agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
sustained her removal.  On petition for review, the appellant disputes many of the
administrative judge's findings, including his finding that the appellant did not
establish her claim of disability discrimination.  The appellant also argues that the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge did not consider all of the evidence presented. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct the administrative judge's analysis of the appellant's claim of discrimination based on race and age, we AFFIRM the initial decision.

¶2      Although the appellant failed to raise this issue on review, in analyzing her claim that the agency discriminated against her based on race and age, and in finding that she did not establish that claim, the administrative judge cited and applied the burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Initial Decision (ID) at 14-16. The administrative judge found that the appellant did not prove that the agency's action "was the result of" discrimination based on race or age because she did not establish that similarly situated employees that did not share her protected characteristics were not disciplined or removed, nor did she prove that the agency's explanation was a pretext for discrimination. ID at 16.

¶3      Since the initial decision was issued, the Board has clarified the standards for proving disparate treatment discrimination. Title VII of the Civil Rights Act of 1964, as amended, requires that actions "shall be made free from any

discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a); *see Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 20. Similarly, in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), the U.S. Supreme Court interpreted the identical statutory language in 29 U.S.C. § 633a, which prohibits Federal sector age discrimination. *Pridgen*, 2022 MSPB 31, ¶ 20. Considering this sweeping statutory language, the Court held that a plaintiff may prove a claim of age discrimination by showing that such discrimination "play[ed] any part in the way a decision [was] made." *Pridgen*, 2022 MSPB 31, ¶ 21 (citing *Babb*, 140 S. Ct. at 1173-74). A finding that prohibited discrimination played "any part" in the contested action may be the same as a finding of "motivating factor." *Pridgen*, 2022 MSPB 31, ¶ 21. To obtain the full measure of relief, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, an appellant must show that discrimination was a "but-for" cause of the action. *Desjardin*, 2023 MSPB 6, ¶ 31; *Pridgen*, 2022 MSPB 31, ¶¶ 20-22.

¶4    The *McDonnell Douglas* burden-shifting framework, on which the administrative judge relied in part, is one of several ways to prove disparate treatment discrimination under Title VII or the Age Discrimination in Employment Act. *Pridgen*, 2022 MSPB 31, ¶¶ 20, 24. Here, in support of her discrimination claims, the appellant pointed to other employees who were either not removed for serious misconduct or were otherwise treated more favorably than her. Initial Appeal File (IAF), Tab 22 at 6. We have considered the appellant's arguments, however, and we agree with the administrative judge that these employees were not valid comparators.[2] The appellant presented no other

---

[2] The appellant cited a Caucasian male who allegedly committed very serious misconduct that was not at all similar to the misconduct underlying the appellant's removal. IAF, Tab 22 at 6. The appellant does not allege that the younger employees she identifies as comparators committed any misconduct; rather, she contends that they were allowed to telework and were generally treated more respectfully. *Id.*

evidence in support of either her race or her age discrimination claims. Accordingly, her claims fail, and any error the administrative judge may have committed in adjudicating her discrimination claims did not prejudice her substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.